United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 9, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-41668
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SHEILA MITCHELL SIVERAND,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:04-CR-282-ALL
---------------------

Before JOLLY, DAVIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Sheila Mitchell Siverand appeals her 21 U.S.C. § 856(a)(2) jury conviction for maintaining a property for the purpose of unlawfully distributing and using crack cocaine. She makes the following arguments: (1) her conduct did not constitute a violation of 21 U.S.C. § 856(a)(2), as amended in 2003; (2) the evidence was insufficient to support her conviction; (3) the Government withheld evidence in violation of Brady v. Maryland,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

373 U.S. 83 (1963); and (4) the district court engaged in judicial misconduct. We affirm.

Siverand's contention that, as amended, 21 U.S.C. § 856(a)(2) was intended to apply only to club owners, rave promoters, or persons who profit from the sale and use of drugs is not supported by either the plain language of the statute or the legislative history. See 21 U.S.C. § 856(a)(2)(2005); H.R. CONF. REP. No. 108-66, at 68 (2003); United States v. Orellana, 405 F.3d 360, 366 (5th Cir. 2005). We therefore reject her contention that the charged conduct did not fall within the ambit of the statute.

We further hold that evidence of Siverand's collection of "yard fees" from the dealers who sold crack from her yard supported a finding that she "intentionally . . . made available for use, . . . [a] place for the purpose of unlawfully . . . distributing or using a controlled substance," and we therefore reject her sufficiency-of-the-evidence argument. See 21 U.S.C. § 856(a)(2); United States v. Chen, 913 F.2d 183, 190 (5th Cir. 1990). We also reject Siverand's Brady claim; the Government's at-trial disclosure of Leroy Washington's recantation did not violate Brady. See United States v. Walters, 351 F.3d 159, 168 (5th Cir. 2003).

Siverand's contention that the district court's supplemental jury instructions, to which she did not object, were inconsistent with its written charge and, therefore, confused the issue of

intent is not borne out by our reading of the record.  She has therefore not demonstrated error, plain or otherwise.  See United States v. Partida, 385 F.3d 546, 559 (5th Cir. 2004).  Finally, the complained-of remark made by the district court was not so prejudicial that it denied Siverand a fair trial.  See United States v. Bermea, 30 F.3d 1539, 1569 (5th Cir. 1994).

AFFIRMED.